```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

BEULAH MITCHELL,                  :
                                  :   CIVIL ACTION NO. 04-896 (MLC)
        Plaintiff,                :
                                  :
    v.                            :   **MEMORANDUM OPINION**
                                  :
NEW JERSEY LOTTERY, et al.,       :
                                  :
        Defendants.               :
                                  :

**COOPER, District Judge**

The defendants move to dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The plaintiff pro se brings this action to "render a judgment against the [defendant] (New Jersey Lottery)" for "employment discrimination because of racism." (Compl. at 1, 3.)[1] Because the complaint fails to state a claim upon which relief may be granted, the Court will grant defendants' motion to dismiss.

**DISCUSSION**

A plaintiff, even though filing a complaint pro se, must comply with minimum pleading standards. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004); Fultz v. Neighborhood Leg. Servs., 654 F.Supp. 881, 884 (W.D. Pa. 1987). The complaint fails to allege: (1) dates for the occurrences underlying the purported "cause of action," except for vague assertions that

---

[1] Plaintiff does not request relief against any other named defendant.

"management['s] . . . scheming initiated in December 2002 and has continued to present" and "the week of February 9, 2003, management became increasingly malicious in their attacks" (Compl. at 2); (2) details as to those occurrences, e.g. how any named individual defendant was involved, what comprised the "attacks" and "scheming," and how these occurrences constitute discrimination; and (3) what relief is desired, e.g. whether damages are being sought and against whom.  The body of the complaint fails to conform to the Rules, see Fed.R.Civ.P. 8(a), as it fails to give defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

The Court may dismiss without prejudice a pro se complaint for failure to state a claim, "permitting [plaintiff] to amend the complaint to make it plain."  Alston, 363 F.3d at 234.  See also Bankes v. Felice, No. 05-0356, 2005 WL 1073319, at *2 (D.N.J. May 2, 2005) ("Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.").  Plaintiff has submitted a purported amended complaint.  However, we will not consider this submission as an amended complaint because plaintiff (1) may not amend her pleading as of right since defendants have moved to dismiss, and (2) has not requested leave of Court or received written consent from defendants.  See

Fed.R.Civ.P. 15(a). Plaintiff's submission suggests what an amended complaint would allege. While the submission details numerous incidents occurring during plaintiff's employment at the New Jersey Lottery, there is no indication that any of these incidents was the result of discrimination on the basis of plaintiff's race or could support an actionable claim. The Court will dismiss the complaint for failure to state a claim and grant plaintiff leave to amend so that the complaint may "serve its function as a guide to discovery." Alston, 363 F.3d at 235.

## CONCLUSION

The complaint fails to comply with the pleading requirements of the Rules. We will dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted, and with leave to file an amended complaint that addresses the Court's concerns expressed here. The Court will issue an appropriate order and judgment.

                                                        s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge