**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                  :
BEULAH MITCHELL,                  :
                                  :   CIVIL ACTION NO. 04-896 (MLC)
        Plaintiff,                :
                                  :     MEMORANDUM OPINION
        v.                        :
                                  :
NEW JERSEY LOTTERY, et al.,       :
                                  :
        Defendants.               :
                                  :
```

**COOPER, District Judge**

The defendant New Jersey Lottery (the "Lottery") moves for summary judgment in its favor pursuant to Federal Rule of Civil Procedure ("Rule") 56.  (Dkt. entry no. 33.)  The motion is unopposed.  For the reasons stated herein, the Court will grant the motion.

BACKGROUND

The plaintiff, an African-American woman, is an employee of the Lottery.  (Amended Compl., at 2, 4.)  The plaintiff started working at the Lottery as a clerk in accounts receivable in 1983, and was promoted to the position of Secretary Assistant 3 in approximately June 2000.  (Id. at 2-4.)  On October 31, 2002, the plaintiff received a promotional announcement for the position of "Secretarial Assistant 2 Non-Steno" (the "SA2 Position").  (Id. at 4.)

The plaintiff submitted her application for the SA2 Position on or about November 7, 2002.  (Id.)  The plaintiff, "[o]n or

about March 26, 2003, . . . received [her] notification of eligibility for the [SA2 Position], and [she] ranked #1." (Id. at 5; 9-9-03 Equal Employment Opportunity Commission ("EEOC") & New Jersey Division of Civil Rights ("NJDCR") Charge ("9-9-03 EEOC Charge").)  However, the plaintiff, "[o]n or about April 24, 2003[,] learned that [she] had not been selected for the [SA2 Position]." (9-9-03 EEOC Charge.)  Instead, Mary L. Cleary ("Cleary"), a Caucasian woman, was selected for the SA2 Position. (Id.; Amended Compl., at 5.)  The plaintiff also complains that, on or around August 26, 2003, she "was temporarily reassigned to work under the Supervision of [the defendant] Marilyn Blazovsky, Manager for Operations and Organization Support." (Amended Compl., at 5.)

    The plaintiff filed a Charge of Discrimination with the EEOC and NJDCR on September 9, 2003, claiming that she was subjected to racial discrimination because Cleary, a Caucasian, was promoted to the SA2 Position despite being the second-highest-ranked candidate. (9-9-03 EEOC Charge.)  The EEOC investigated the charge and determined that it was "unable to conclude that the information obtained establishes violations of the statutes." (2-2-04 EEOC Dismissal and Notice of Rights ("EEOC Notice").) The plaintiff filed her first complaint with the Court on February 27, 2004. (Dkt. entry no. 1.)  The Court dismissed the complaint on July 22, 2005, for failing to state a claim upon

2

which relief can be granted, but permitted plaintiff to file an amended complaint. (7-22-05 Mem.Op. & Ord.)

The plaintiff filed an amended complaint on October 7, 2005, claiming that she was "unjustifiably criticized, not promoted, separated from her former position . . . and otherwise treated disparately . . . because of her race" in violation of Title VII and the New Jersey Law Against Discrimination. (Amended Compl., at 2.) The plaintiff also asserted that she was subjected to retaliation and a hostile work environment. (Id.)

The defendants filed a second motion to dismiss, and the Court granted the motion and dismissed all claims against all defendants, except for the claim of racial discrimination under Title VII insofar as it is asserted against the Lottery. (Dkt. entry no. 18, 5-15-06 Mem. Op., at 29.) The Court denied plaintiff's motion for reconsideration. (Dkt. entry no. 24.)

## DISCUSSION

## I.   Standard of Review for an Unopposed Summary Judgment Motion

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of

3

material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met this prima facie burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Under this standard, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]." Id. at 252. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48 (emphasis in original). A fact is material only if it might affect the action's outcome under governing law. Id. at 248. "[T]here is no issue for trial unless there is sufficient

4

evidence favoring the nonmoving party for a jury to return a
verdict for that party.  If the evidence is merely colorable, or
is not significantly probative, summary judgment may be granted."
Id. at 249-50 (internal citations omitted).

A movant is not automatically entitled to summary judgment
simply because the non-movant fails to oppose the motion.
Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d
Cir. 1990).  Instead, Rule 56(e) provides that the Court may
grant the unopposed motion "if appropriate".  Id.; Carp v.
Internal Rev. Serv., No. 00-5992, 2002 U.S. Dist. LEXIS 2921, at
*7 (D.N.J. Jan. 28, 2002) ("Even where the non-moving party has
failed to establish a triable issue of fact, summary judgment
will not be granted unless 'appropriate.'").  An unopposed motion
is appropriately granted when the movant is entitled to judgment
as a matter of law.  Anchorage Assocs., 922 F.2d at 175.

"If the non-moving party fails to oppose the motion for
summary judgment by written objection, memorandum, affidavits and
other evidence, the Court 'will accept as true all material facts
set forth by the moving party with appropriate record support.'"
Carp, 2002 U.S. Dist. LEXIS 2921, at *6-*7 (citations omitted).
Further, even if a record contains facts that might provide
support for a non-movant's position, "the burden is on the [non-
movant], not the court, to cull the record and affirmatively
identify genuine, material factual issues sufficient to defeat a
motion for summary judgment."  Morris v. Orman, No. 87-5149, 1989

U.S. Dist. LEXIS 1876, at *25-*26 (E.D. Pa. Mar. 1, 1989). Accordingly, when a plaintiff fails to respond to a defendant's motion for summary judgment, the Court need only examine the pleadings and any evidence attached to the defendant's motion. Atkinson v. City of Phila., No. 99-1541, 2000 U.S. Dist. LEXIS 8500, at *7 (E.D. Pa. June 20, 2000).

## II. The Plaintiff's Title VII Claim

To succeed on a claim of racial discrimination under Title VII, a claimant must establish that she was the subject of purposeful discrimination. Weldon v. Kraft, Inc., 896 F.2d 793, 796 (3d Cir. 1990). To assert a prima facie case of discrimination, the plaintiff must allege that (1) she is a member of a protected group; (2) she is qualified for the position; (3) she was subject to an adverse employment action; and (4) other similarly situated individuals not in the protected group received better treatment. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981).

Plaintiff here has established a prima facie case of racial discrimination under Title VII. The record demonstrates that plaintiff (1) is African-American, (2) was qualified for the position, as she received a #1 ranking in the "Notification of Eligibility for [the SA2 Position]," (3) was subject to an adverse employment action because she was denied the promotion, and (4) the SA2 Position was filled by a Caucasian candidate.

6

(Amended Compl., at 2-5.)  The Lottery's only argument with
regard to plaintiff's prima facie case is that the dates alleged
in plaintiff's EEOC complaint do not match those in the amended
complaint, and thus plaintiff does not properly allege here that
she was not promoted during April 24, 2003 through August 6, 2003
because of her race.  (Def. Br., at 10.)  The Court, however, has
already rejected this argument.  See 5-15-06 Mem.Op., at 10
(rejecting arguments that the amended complaint does not include
facts within the time period as the EEOC complaint without merit,
and noting "[e]ven though the plaintiff does not attach the same
date to the onset and end of the discrimination, the substantive
allegations supporting the claim are repeated in the amended
complaint").

    Although plaintiff has demonstrated a prima facie case of
racial discrimination under Title VII, plaintiff fails to meet
her burden of rebutting the Lottery's non-discriminatory reasons
for not promoting her and for temporarily re-assigning her to
work for another supervisor.  The Lottery has proffered a non-
discriminatory explanation for both decisions: (1) despite the
fact that Cleary had less than half a point lower score than
plaintiff, Cleary was selected for the promotion because she had
been serving in the SA2 provision provisionally and had stronger
references, and moreover under the relevant New Jersey
administrative law the three top-ranked candidates for a position
based on test scores can be considered equals, and (2) plaintiff

was one of at least five secretaries who were temporarily re-assigned by the Lottery "in order to improve operational effectiveness and organizational need."  (Def. Br., at 18-20.)

"[T]he plaintiff must prove not that the illegitimate factor was the sole reason for the decision, but that the illegitimate factor was a determinative factor in the adverse employment decision, that is, that but for the protected characteristic," the plaintiff would have received the job or promotion.  <u>Fuentes v. Perskie</u>, 32 F.3d 759, 764 (3d Cir. 1994).  The plaintiff may prevail by showing "pretext," or simply by showing, through direct or circumstantial evidence, that the challenged action resulted from discrimination.  <u>Watson v. Se. Pa. Transp. Auth.</u>, 207 F.3d 207, 215 n.5 (3d Cir. 2000).  To survive summary judgment plaintiff must either: (i) present sufficient evidence to "cast substantial doubt upon" the Lottery's proffered reasons for not promoting her and reassigning her "by painting them as weak, implausible, contradictory, or incoherent", or (ii) present sufficient evidence from which a factfinder could

> reasonably conclude that an illegitimate factor more likely than not was a motivating or determinative cause of the adverse employment decision (e.g., by showing that the employer in the past had subjected him to unlawful discriminatory treatment, that the employer treated other, similarly situated persons not of his protected class more favorably, or that the employer has discriminated against other members of his protected class or other protected categories of persons.)

<u>Fuentes</u>, 32 F.3d at 765.

8

The Court finds that plaintiff has not met her burden of showing that defendant's reasons for hiring Cleary rather than plaintiff for the SA2 position and for re-assigning plaintiff were pretextual.  Plaintiff offers no argument or evidence as to her re-assignment, and no arguments as to the Lottery's failure to promote her other than the fact that she is African American while the person who was given the promotion was Caucasian. Therefore, even viewing the facts in the light most favorable to plaintiff, there are no genuine issues of material fact existing as to the circumstances surrounding the Lottery's failure to hire plaintiff for the SA2 position or the Lottery's decision to reassign plaintiff from which a reasonable jury could infer invidious discrimination.  See Hargrave v. County of Atl., 262 F.Supp.2d 393, 410 (D.N.J. 2003) (holding summary judgment should be "granted unless the party opposing the motion provides evidence such that a reasonable jury could return a verdict in favor of the nonmoving party") (cites and quotes omitted).

## CONCLUSION

The Court, for the reasons stated _supra_, will grant the Lottery's motion for summary judgment in its favor.  The Court will enter an appropriate order and judgment.


                              s/ Mary L. Cooper
                         **MARY L. COOPER**
                         United States District Judge

10